DUVAL vs HENDRICKS, ET AL.

Opinion delivered October 5, 1901.

1. *Indians—Old Settler Cherokee Funds—Claims Against Denied.*
   Claims against the Old Settler Cherokee Funds denied because barred by statute of limitations, because equity will not enforce a stale claim, because of failure of presentation to and allowance by Indian Commissioner, and because the fund is appropriated for a specific purpose and may not be diverted, following and expressly affirming decision in case of Hanks vs Hendricks, 3 Ind. Ter. Rep., p. 415.

Appeal from the United States Court for the Northern District.

WM. M. SPRINGER, Judge.

Action by Ben T. Duval, as Administrator of the estate of William Duval, deceased, against W. H. Hendricks, and others. Judgment for defendants. Plaintiff appeals. Affirmed.

*Ben T. Duval*, for himself, appellant.

*Stuart, Lewis, Gordon & Rutherford*, for appellees.

TOWNSEND, C. J.    This is a suit brought by plaintiff below Ben T. Duval, as administrator of the estate of William Duval, deceased, to enforce a claim for services rendered by said William Duval, deceased, in behalf of the Old Settlers or Western Cherokees, under an alleged contract dated July 1, 1846, entered into between one John Brown, in behalf of said Old Settlers or Western Cherokees, and said William Duval and one John Rogers, whereby it was stipulated and agreed that said William Duval and John Rogers, in consideration of past services and services to be rendered in and about the prosecution of the claims of said Old Settlers or Western Cherokees against the government of the United States, should each receive the sum of $3,000 out of any money that might thereafter be ascertained to be due said Old Settlers or Western Cherokees; that large sums of money have been appropriated and paid to said Old Settlers or Western Cherokees by the government of the United States, and that the claim of said William Duval was presented to and allowed by two committees appointed by said Old Settlers or Western Cherokees to audit the claims of persons for services rendered in and about the prosecution of the claims of said Old Settlers or Western Chero-

okees against the government of the United States; that since the appropriation by congress of money to pay the claims of said Old Settlers or Western Cherokees the defendants, W. H. Hendricks and others, were appointed a committee to audit the claims against said fund; and that said committee has never audited the claim of said William Duval, and said claim is unpaid. A temporary injunction was issued, enjoining the payment of funds in the hands of defendants until the payment of the claim of said William Duval. From a judgment sustaining a demurrer to plaintiff's complaint, and dissolving the injunction, plaintiff appealed to this court. The identical questions raised were presented to this court in the case of Hanks vs Hendricks (3 Ind. Ter. Rep. 415) (58 S. W. 669). We see no reason why we should reverse the conclusions reached in that case, and for the reasons there assigned the judgment of the court below is affirmed.

GILL, CLAYTON, and RAYMOND, JJ., concur.